## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| RONDELL HOOKS, | : | Case No. 1:20-cv-1037 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| HAMILTON COUNTY, OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants' Motion to Dismiss and for Summary Judgment (Doc. 41) and Amended Motion to Dismiss and for Summary Judgment (Doc. 44). The Amended Motion is identical in substance to the original Motion but contains certain redactions. Plaintiff filed a Response in Opposition to Defendants' Amended Motion (Doc. 49), to which Defendants filed a Reply in Support (Doc. 51). For the following reasons, Defendants' Amended Motion (Doc. 44) is **GRANTED**. Additionally, Defendants' Motion to Dismiss and for Summary Judgment (Doc. 41) is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff Rondell Hooks began a term of imprisonment at the Hamilton County Justice Center ("HCJC") in 2018. (Guy Memo, Doc. 37-7, Pg. ID 2513; Hooks Dep., Doc. 42, Pg. ID 2662.) On February 7, 2021, Defendant Kevin Ivey, a corrections officer, notified Plaintiff that he had a visitor. (Guy Memo, Doc. 37-7, Pg. ID 2513-14.) When Plaintiff

reached the phone bank where visitations are held, Defendant Ivey had not yet pressed a button allowing Plaintiff to use the phone. (*Id.* at Pg. ID 2514; Hooks Dep., Doc. 42, Pg. ID 2737.) Plaintiff, feeling disrespected, then challenged Defendant Ivey to a fight. (Hooks Dep., Doc. 42, Pg. ID 2744.) In response, Defendant Ivey demanded Plaintiff to return to his cell, but Plaintiff refused. (*Id.* at Pg. ID 2622.) Defendant Ivey attempted to forcefully move Plaintiff into his cell, but Plaintiff continued to resist. (Ivey Decl., Doc. 38, Pg. ID 2541-42; Guy Memo, Doc. 37-7, Pg. ID 2514.) At this point, Defendant Ivey began delivering numerous punches and elbow strikes to Plaintiff. (Ivey Decl., Doc. 38, Pg. ID 2544.) This caused Plaintiff to fall to the ground where he held onto Defendant Ivey's leg. (Hooks Dep., Doc. 42, Pg. ID 2790-91; Surveillance Video, 0:26-1:20.) Defendant Ivey continued striking Plaintiff in his head and back for approximately 50 seconds. (*Id.*) Eventually, other HCJC staff intervened and handcuffed Plaintiff. (Ivey Decl., Doc. 38, Pg. ID 2545.) After the incident, Plaintiff was taken to the hospital where he was treated for a fractured nose and a hematoma on his face. (Medical Records, Doc. 42-14, Pg. ID 3208.) Plaintiff did not file a prison grievance regarding this incident. (Wietmarschen Decl., Doc. 35, Pg. ID 2373.)

Plaintiff filed his Amended Complaint on February 8, 2021, against Defendants Hamilton County Board of County Commissioners ("BOCC") and Hamilton County Sheriff Jim Neil ("HCS") in their official capacities, in addition to Kevin Ivey in his individual and official capacity. (Am. Compl., Doc. 4.) Plaintiff brings two claims under 42 U.S.C. § 1983: one claim for violation of the Fourth and Fourteenth Amendments, and another for violation of the Eighth and Fourteenth Amendments. (*Id.*) Defendants either

moved for dismissal or summary judgment on all of Plaintiff's claims. (Am. Motion, Doc. 44.)

## LAW

Defendants jointly move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) and for summary judgment under Federal Rule of Civil Procedure 56(a). The Federal Rules require, however, that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, Defendants' combined motion relies heavily on evidence outside of Plaintiff's Amended Complaint. Thus, the Court will convert Defendants' Amended Motion to Dismiss and for Summary Judgment (Doc. 44) into a motion for summary judgment. *See Don'Shon Ronald Albert St. v. Berrien Cnty. Jail*, No. 1:22-CV-356, 2024 U.S. Dist. LEXIS 21595, at *4 (W.D. Mich. Jan. 11, 2024).

When there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, the district court shall grant summary judgment. Fed. R. Civ. P. 56(a). The moving party has the burden to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party meets that burden, then it becomes the nonmoving party's responsibility to point to specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A court is under no obligation to search the record for genuine issues of material fact. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996).

Moreover, a "mere scintilla" of evidence in support of the nonmoving party's

position is not enough to avoid summary judgment. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005). Rather, to preclude summary judgment, the nonmoving party must put forward probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element on which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

## ANALYSIS

Defendants move for summary judgment under several different theories. The Court will first address whether Plaintiff exhausted his administrative remedies.

### I.     Prison Litigation Reform Act

Defendants argue that Plaintiff has not exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Am. Motion, Doc. 44, Pg. ID 4860.) The PLRA was enacted to "'reduce the quantity and improve the quality of prisoner suits' that were flooding federal district courts nationwide and to reduce the need for federal courts to intervene in prison management." *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). To help reach these goals, the PLRA requires that "[n]o action shall be brought with respect to prison conditions under [Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). When examining the statute, courts interpret the term "prison conditions" broadly to include

4

the claims of excessive force. *Lamb*, 52 F.4th at 292.

There are three exceptions to the exhaustion requirement: (1) "when (despite what regulations or guidance materials may promise) [the administrative procedure] operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643-644 (2016). If the plaintiff provides evidence to show that the administrative procedure was unavailable, the Sixth Circuit, however, still requires him to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Lamb*, 52 F.4th at 293 (quoting *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)). "When a prisoner makes affirmative efforts to comply but does not succeed, [the Court] analyze[s] whether those efforts to exhaust were sufficient under the circumstances." *Lee*, 789 F.3d at 677.

While incarcerated at the HCJC, an inmate may file a grievance at any time to allege an unconstitutional act by a staff member. (Inmate Handbook, Doc. 35-1, Pg. ID 2378.) Once submitted, the grievance is reviewed by a Classification Specialist. (*Id.*) If the Classification Specialist is unable to resolve the issue, the grievance is transferred to the appropriate personnel for investigation and a written report. (*Id.*) Inmates who are dissatisfied with the result of the investigation may appeal to the Administration Captain. (*Id.*) If a prisoner inmate is again dissatisfied with the Administration Captain's

determination, he can appeal to the Division Major. (*Id.*) Once the Division Major renders a decision, the inmate's grievance is final. (*Id.*)

Plaintiff did not file a grievance in connection to his altercation with Defendant Ivey. (Wietmarschen Decl., Doc. 35, Pg. ID 2373.) Accordingly, Defendants argue that Plaintiff has not exhausted the administrative procedure at the HCJC and thus is precluded from filing this suit. (Am. Motion, Doc. 44, Pg. ID 4860.) Plaintiff responds by first arguing that he should be excused from the exhaustion requirement because he had previous grievances that were not acted upon, suggesting that the grievance process was a dead end. (Response, Doc. 49, Pg. ID 4911.) Regardless of whether this is true, however, the Sixth Circuit requires inmates to take "affirmative efforts to comply with the administrative procedures" before a court may analyze whether a procedure was unavailable. *Lamb*, 52 F.4th at 293. For this matter, Plaintiff failed to even file a grievance, making no effort to comply with the HCJC administrative procedure. Thus, this Court cannot analyze whether the administrative procedure was unavailable. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies.")

Plaintiff next argues that "he was deceived during the internal investigation when he was told that a member of the investigating team would visit him regarding the filing of [a civil and criminal] complaint. No investigator made a visit and [Plaintiff's] requests for a meeting were ignored." (Response, Doc. 49, Pg. ID 4911.) This argument is equally unpersuasive. Plaintiff's ability to file a civil or criminal complaint has no relevance to

whether he exhausted the HCJC's administrative process. As Plaintiff failed to first exhaust his administrative remedies or make an affirmative effort to comply with the administrative procedure before bringing this case, the Court must decline to review Plaintiff's claims.

The Court must now consider whether to dismiss Plaintiff's claims with or without prejudice. In the Sixth Circuit, "the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice." *Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006). As explained, Plaintiff did not exhaust the administrative process. Thus, his claims will be dismissed without prejudice.

**CONCLUSION**

Based on the foregoing reasons, the Court **ORDERS** the following:

1. Defendants' Amended Motion for Summary Judgment (Doc. 44) is **GRANTED**;

2. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**;

3. Defendants' Motion to Dismiss and for Summary Judgment (Doc. 41) is **DENIED AS MOOT**; and

4. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
